43 F.3d 1472
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willie Matt SUMMERS, Plaintiff-Appellant,
v.
Nancy MITCHELL, Kent Kilpatrick, Defendants-Appellees.
 No. 93-6389.
 United States Court of Appeals, Sixth Circuit.
 Dec. 14, 1994.
 
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; ZATKOFF, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff, a former inmate at the Lincoln County Jail in Fayetteville, Tennessee, filed a Sec. 1983 action against defendants Nancy Mitchell, a correctional and medical officer, and her supervisor, Kent Kilpatrick, alleging that they were deliberately indifferent to his serious medical needs. At the conclusion of a bench trial, the district court entered judgment in favor of defendants.
 
 
 2
 On appeal, Summers claims that the district court erroneously found that neither defendant, was deliberately indifferent to his serious medical needs, and that the district court abused its discretion in denying his motion for appointment of counsel.
 
 
 3
 For the following reasons, we AFFIRM.
 
 
 4
 The factual findings made by the district court do not support the legal conclusion advocated by plaintiff. The district court found that Summers injured his ankle while playing basketball in the exercise yard at the Lincoln County Jail; that the defendants attended to his injury, sought advice from emergency room personnel and followed his advice given; and that after Summers' condition worsened, he was taken to the local hospital.
 
 
 5
 We are bound by the factual findings of the district court sitting without a jury unless clearly erroneous. Owens-Illinois, Inc. v. Aetna Casualty & Surety Co., 990 F.2d 865, 870-71 (6th Cir.1993). We find no mistake has been made, therefore we apply these facts to the legal standards.
 
 
 6
 Although Summers contends that had the defendants acted more quickly surgery would have been unnecessary, there is no evidence to support his contention. Even if Summers were correct, there is no evidence that defendants were deliberately indifferent to his injury. Defendants' failure to diagnose plaintiff's condition cannot be characterized as "deliberate indifference" to plaintiff's "serious medical need," the standard required to find a violation of the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Accordingly, we affirm the decision of the district court.
 
 
 7
 Summers also claims that he was unable to present his case without the assistance of an attorney. The appointment of counsel in a civil case is within the discretion of the court. Childs v. Pellegrin, 822 F.2d 1382, 1384 (6th Cir.1987). Here, the court did not abuse its discretion in refusing to appoint counsel. Summers' claims were uncomplicated and tried to the bench. Accordingly, the district court found that the claims could be fairly heard without appointment of counsel. We agree.
 
 
 8
 Therefore, we find this appeal meritless and AFFIRM the judgment of the district court.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation